IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UMBRELLA BANK, FSB, etc.,      )
                               )
                Plaintiff,     )
                               )
    v.                         )    No. 06 C 4744
                               )
BRIAN TURNER, et al.,          )
                               )
                Defendants.    )

## MEMORANDUM ORDER

All of the still-existing defendants in this action have filed a Notice of Removal ("Notice") to bring this action by Umbrella Bank, FSB from the Circuit Court of Cook County to this District Court. But although federal subject matter jurisdiction is premised on diversity of <u>citizenship</u>, defense counsel (who should know better) have inexplicably identified the place of <u>residence</u> rather than the state of citizenship of each of their clients.

Although an individual's residence and state of citizenship most often coincide, that is not invariably the case--and our Court of Appeals has emphasized that distinction in the context of diversity--see <u>Held v. Held</u>, 137 F.3d 998, 1000 (7th Cir. 1998), quoting <u>Guaranty Nat'l Title Co. v. J.E.G. Assocs.</u>, 101 F.3d 57, 59 (7th Cir. 1996):

> Of course, allegations of residence are insufficient to establish diversity jurisdiction. It is well-settled that "[w]hen the parties allege residence but not citizenship, the court must dismiss the suit."

This Court is loath, however, to stick defendants (or their

counsel) with the cost of a second $350 filing fee when the error identified here is most likely curable. Accordingly leave is granted to file an amendment to the Notice on or before September 15, 2006 providing the required information to establish diversity, failing which this Court would be constrained to dismiss the Complaint and this action for lack of subject matter jurisdiction.

_____
Milton I. Shadur
Senior United States District Judge

Date: September 5, 2006